Howard S. **KIRKPATRICK**, Appellant,

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

No. 79438.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 10, 1993.

---

Robert K. McCune, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, for appellant.

Mary Mott, George Davis, McKinney, Stringer, & Webster, P.C., Oklahoma City, for appellee.

BOUDREAU, Presiding Judge.

Plaintiff, Howard Kirkpatrick, appeals from an order of the trial court granting summary judgment to Defendant, Allstate Insurance Company. In this action based on breach of contract, estoppel and bad faith, the questions on appeal are two: (1) whether the material facts are uncontroverted and (2) if so, whether they warrant the entry of judgment against Plaintiff? We answer both questions in the affirmative and affirm the judgment of the trial court.

Plaintiff purchased an automobile liability insurance policy from Allstate. The period of coverage was from September 18, 1989, through March 18, 1990. It is undisputed that Plaintiff paid the required premiums to keep the policy in effect during its term.

Allstate mailed to Plaintiff a "renewal packet" on February 13, 1990, which contained a copy of a new policy and a coverage update. The renewal policy was intended to replace the policy that expired on March 18, 1990. The renewal policy was to take effect on March 18, 1990, and expire

on September 18, 1990. Both the coverage update and the renewal policy notified the plaintiff that the new coverage would not go into effect unless Allstate received its premium on or before the expiration date of the previous policy.

Plaintiff did not tender the premium owed for the renewal policy before March 18, 1990, the expiration date of the previous policy. Plaintiff was involved in an automobile accident on June 13, 1990. When he reported the accident to Allstate, he was told that there was no coverage. On June 18, 1990, five days after the accident, Plaintiff mailed the premium for the policy period of March 18, 1990, to September 18, 1990. Allstate immediately refunded the premium on June 22, 1990.

Allstate filed a motion for summary judgment on all claims. On March 16, 1992, the trial court pronounced judgment sustaining Allstate's motion in all respects. It is from this judgment that Plaintiff appeals.

When summary judgment has been granted, the appellate court is required to examine the pleadings and evidentiary materials. If the record discloses either controverted material facts or if the uncontroverted facts support legitimate inferences favoring the well-pled theory of the party against whom the judgment was granted, the judgment will be reversed. *See generally, Northrip v. Montgomery Ward & Co.*, 529 P.2d 489 (Okla.1974).

■ Plaintiff first contends that the court erred in granting the motion for summary judgment as there is a substantial controversy as to whether notice was sent informing him that the policy had been cancelled. Plaintiff points out that the insurance policy in question has a cancellation clause that requires at least ten days notice to the insured before cancelling the policy. Plaintiff denies receiving the notice and contends that this is sufficient, under Oklahoma law, to create a genuine material issue of fact.

We reject this argument. The cancellation clause reads in pertinent part as follows:

*During the policy period,* Allstate may cancel part or all of this policy by mailing notice to you at your last known address.... (Emphasis added.)

By its own words, the cancellation clause applies to attempts to terminate the insurance contract during its term. There is no evidence of any attempt by Allstate to cancel the issued policy during its term such as would activate the notice provision of the cancellation clause.

It is undisputed that Plaintiff purchased a policy of insurance and paid the premiums to keep it in effect during its term of September 18, 1989, through March 18, 1990. That policy expired according to its own terms on March 18, 1990.

> The term 'expiration' as used in an insurance policy, refers to the termination of the policy by lapse of time covering the policy period ...

Black's Law Dictionary 579 (6th ed. 1990).

■ When a renewal policy is delivered by the insurance company to the insured upon expiration of a policy, without a request by the insured, it is merely an offer or proposal which must be accepted by the insured before a contract of insurance is effected. *Marker v. Preferred Fire Ins. Co.*, 211 Kan. 427, 506 P.2d 1163, 1171 (1973). Allstate's tender of a renewal policy constituted an offer of insurance coverage for the period of March 18, 1990, through September 18, 1990. It called for acceptance on the part of the customer by tendering payment of the premium before the expiration of the previous policy or, at the very least, within a reasonable time.

■ Plaintiff made no attempt to tender the premium until June 18, 1990, some three months after coverage was to begin and five days after a car wreck. As a matter of law, this did not constitute a timely acceptance. Accordingly, no contract was formed and the previous policy expired by its own terms on March 18, 1990. The Arizona Supreme Court addressed this precise issue in *Tomeoka v. Mid–Century Insurance Co.*, 118 Ariz. 394, 577 P.2d 245 (1978), and held that a

policy's cancellation provision does not apply in cases of expiration or renewal.

As a second proposition of error, Plaintiff claims that Allstate is estopped because of the prior course of its dealing with him from denying coverage. Specifically, Plaintiff relies on prior instances in which Allstate mailed him cancellation notices advising him that he was behind in his payment of premiums. These notices afforded him an additional ten days to pay the premium before cancellation would result.

The notices, upon which Plaintiff relies to invoke the doctrine of estoppel, were given pursuant to the cancellation clause of the policy. The notices were provided by Allstate at various times during the term of the policy when Plaintiff failed to make a monthly installment.

The fact that Allstate provided cancellation notices to Plaintiff in the past is not sufficient to activate the doctrine of estoppel. Allstate was contractually obligated to provide Plaintiff with notice of its intent to cancel during the term of the contract. The issue presented in this case does not implicate the question of whether an existing policy has been cancelled according to the terms of the insurance contract. Rather, it is an issue that asks the question of whether an insurance contract has been formed between the parties. Because these issues are fundamentally distinct, Allstate's past practice of giving notice of *cancellation* cannot be held to give rise to an expectation of notice of *expiration*.

Plaintiff's reliance on *Wells v. Franklin Casualty Insurance Co.*, 380 P.2d 529 (Okla.1963), is misplaced. In *Wells*, the past due premium at issue was an installment due within the term of coverage and not an initial payment to begin coverage.

In conclusion, we hold that the summary judgment against Plaintiff was proper and is thereby affirmed.

REIF, V.C.J., and RAPP, J., concur.